IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRANDON CASSELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | _____ |
| ) | |
| JERICO PICTURES, INC. d/b/a ) | |
| NATIONAL PUBLIC DATA and ) | |
| RECORDSCHECK.NET, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

1. Brandon Casselli brings this action against Jerico Pictures, Inc. d/b/a National Public Data and Recordscheck.net ("Jerico") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events that give rise to the claim occurred in this district and division.

## PARTIES

4. Plaintiff is an adult individual residing in Georgia.

5.     Mr. Casselli is a natural person and a "consumer" as protected and governed by the FCRA.

6.     Defendant is a Florida corporation that conducts business throughout the United States, including in the Southern District of Georgia.

7.     At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

8.     Defendant is a person which, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating information on consumers for the purpose of furnishing consumer reports to third parties.

9.     Defendant uses interstate commerce for the purpose of preparing or furnishing consumer reports.

10.    Defendant sells consumer reports in many states, including Georgia, and produces consumer reports on Georgia residents. Defendant also gathers and maintains substantial public records data from Georgia.

11.    Defendant sells "instant background checks, SSN traces, public records and more since 2002." *See http://www.recordscheck.net/,* last visited August 15, 2022.

12.    According to Defendant, "All our data is updated regularly. We guarantee freshness and quality. Search billions of records with instant results, and many searches are no hit/no fee. Our services are currently used by private investigators, consumer public record sites, human resources, staffing agencies and more." *See http://www.nationalpublicdata.com/about-us.html, last visited August 15, 2022.*

13. According to the Florida Secretary of State, National Public Data and Recordscheck.net are both "DBA's" of Jerico Pictures, Inc.

## FACTUAL ALLEGATIONS

14. Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting. To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

15. The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 U.S.C. § 1681k. In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

16. In addition, once an individual disputes inaccurate information in their consumer report, CRAs like Defendant must complete their reinvestigation within 30 days from the date they receive a consumer's dispute, and must notify the consumer of the results of the reinvestigation within five business days of the completion of its reinvestigation. 15 U.S.C. § 1681i(a)(6). This notice must include:

- A statement that the reinvestigation is completed;
- A consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;

- a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;
- a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and
- a notice that the consumer has the right to request under 15 U.S.C. § 1681i(d) that the consumer reporting agency furnish notifications under that subsection.

17. In June 2022, Mr. Casselli applied for a job with 3 Principles, LLC ("3 Principles") in 3 Principles' restaurant in Martinez, Georgia.

18. As part of his application process to determine Mr. Casselli's eligibility for the job, 3 Principles obtained a consumer report on Mr. Casselli from Defendant.

19. The consumer report that Defendant furnished to 3 Principles was a written communication of information bearing on Mr. Casselli's character and general reputation that was used or expected to be used or collected in whole or in part for the purpose of serving as a factor for establishing Mr. Casselli's eligibility for employment purposes.

20. The consumer report that Defendant furnished to 3 Principles contained public record information likely to have an adverse effect on Mr. Casselli's ability to obtain employment.

21. Defendant did not notify Mr. Casselli of the fact that it was reporting public record information about him at the time it furnished the consumer report to 3 Principles.

22. Once 3 Principles received the consumer report, it told Mr. Casselli that he could not be hired because the consumer report showed a felony from 2018.

23. Defendant's consumer report and 3 Principles' denial of employment were devastating for Mr. Casselli, as he has no felony conviction from 2018.

24. Once Mr. Casselli obtained Defendant's consumer report from 3 Principles, he discovered that Defendant had reported not only inaccurate information about a felony, but also inaccurate and incomplete information about several other criminal charges.

25. For example, Defendant reported in its consumer report that Mr. Casselli had four criminal offenses in a court in Pennsylvania. Yet its report lacked any offense date, conviction date, disposition, sentence, or other information with respect to any of these criminal offenses.

26. Defendant also failed to report that the criminal records had been expunged from Mr. Casselli's record.

27. Thus, 3 Principles was led to believe by Defendant that Mr. Casselli had a vast criminal record, and it rescinded its job offer because of this inaccurate, incomplete and not up-to-date criminal record information from Defendant.

28. On August 12, 2022, Mr. Casselli emailed and called Defendant to dispute the criminal record information.

29. On August 14, 2022, Defendant emailed Mr. Casselli that "[t]hese four records were just removed from out [sp] system."

30. Defendant did not provide Mr. Casselli with an updated copy of his consumer report at that time. So on August 15, 2022, Mr. Casselli requested it.

31. That same day, Defendant emailed Mr. Casselli a copy of an amended consumer report. Defendant had amended the consumer report to state, "No Records Found."

32. Defendant failed to comply with 15 U.S.C. § 1681i when it provided Mr. Casselli with the results of its reinvestigation, as it failed to provide him with:

> (i) a statement that the reinvestigation is completed; (ii) a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation; (iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available; (iv) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and (v) a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

33. As of result of Defendant's inaccurate, incomplete and not up-to-date consumer report and its faulty reinvestigation, Mr. Casselli has suffered actual damages in the form of lost employment, harm to reputation, and emotional distress, including frustration, stress, humiliation and embarrassment, and denial of statutorily required information.

## FIRST CLAIM FOR RELIEF
## (15 U.S.C. § 1681e(b))

34. Plaintiff realleges Paragraph Nos. 1-33 as if fully set forth herein.

35. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

36. Defendant reported information about Plaintiff that it had reason to know was inaccurate.

37. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

38. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

39. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

40. Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF

## (15 U.S.C. § 1681k)

42. Plaintiff realleges Paragraph Nos. 1-33 as if fully set forth herein.

43. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

44. Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about him at the time it furnished such information to his prospective employer, and by failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

45.     Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

46.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

47.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

48.     Defendant's violation of 15 U.S.C. § 1681k was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

49.     As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

**THIRD CLAIM FOR RELIEF**

**(15 U.S.C. § 1681i)**

50.     Plaintiff realleges Paragraph Nos. 1-33 as if fully set forth herein.

51.     The FCRA requires CRAs to "conduct a reasonable reinvestigation" to reinvestigate the accuracy and completeness of information disputed by consumers.  15 U.S.C. § 1681i(a).

52.     CRAs must complete their reinvestigation within 30 days from the date they receive a consumer's dispute, and must notify the consumer of the results of the

reinvestigation within five business days of the completion of its reinvestigation. 15 U.S.C. § 1681i(a)(6). This notice must include:

- A statement that the reinvestigation is completed;

- A consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;

- a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;

- a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and

- a notice that the consumer has the right to request under 15 U.S.C. § 1681i(d) that the consumer reporting agency furnish notifications under that subsection.

53. Defendant willfully violated Section 1681i(a) of the FCRA by failing to provide Plaintiff with the notices required under Section 1681i(a)(6).

54. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

55. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

56. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

57. Defendant's violation of 15 U.S.C. § 1681k was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

58. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress, and denial of statutorily required information.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    A.    An award of actual, statutory and punitive damages for Plaintiff;

    B.    An award of reasonable attorneys' fees and costs;

    C.    An award of pre-judgment and post-judgment interest as provided by law; and

    D.    Other further relief, in law or equity, as this Court may deem appropriate and just.

Dated: November 8, 2022

> By: /s/ Andrew L. Weiner
> Andrew L. Weiner
> WEINER & SAND LLC
> 800 Battery Avenue SE
> Suite 100
> Atlanta, Georgia 30339
> (404) 254-0842 (Tel.)
> (866) 800-1482 (Fax)
> aw@wsjustice.com
>
> COUNSEL FOR PLAINTIFF